UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| CURTIS W. CRAFT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:20-cv-03055-JPH-DML |
| | ) | |
| ROBERT CARTER, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**Order Screening Complaint and Directing Further Proceedings**

Plaintiff Curtis Craft, an inmate at New Castle Correctional Facility (NCCF), brings this action pursuant to 42 U.S.C. § 1983 alleging that his civil rights have been violated. Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915A(c), this Court has an obligation under 28 U.S.C. § 1915A(a) to screen his complaint before service on the defendants.

**I. Screening Standard**

Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint, or any portion of the complaint, if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

1

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

## II. Discussion

Craft names as defendants Robert Carter, Commissioner of the Indiana Department of Correction (IDOC), Mark Sevier, Warden of NCCF, and the IDOC. He alleges that he was kept in a prison unit in which other inmates showed signs of COVID-19 infection. He asserts that he too became infected and suffered serious illness. He alleges violations of his Fourteenth Amendment due process rights and deliberate indifferent to a serious risk of harm to him. Craft asserts that he filed a grievance on the housing issue, putting the defendants on notice of his concerns. He seeks damages, declaratory, and injunctive relief.

Based on the screening standard set forth above, Craft's allegations are sufficient to raise an inference that Warden Sevier was deliberately indifferent to a serious risk of harm. Therefore, his claims shall proceed against Warden Mark Sevier under the Eighth Amendment.[1]

Any claim against Commissioner Robert Carter is **dismissed**. "Individual liability under § 1983… requires personal involvement in the alleged constitutional deprivation." *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) (internal quotation omitted) (citing *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983) ("Section 1983 creates a cause of action based on personal liability and predicated upon fault. An individual cannot be held liable in a § 1983 action

---

[1] Any claim under the Fourteenth Amendment must be **dismissed**. "[C]onstitutional claims must be addressed under the most applicable provision." *Conyers v. Abitz*, 416 F.3d 580, 586 (7th Cir. 2005). Because Craft is a convicted offender, his claims are brought properly under the Eighth Amendment, not the Fourteenth Amendment. *Cf. McCann v. Ogle City, Illinois*, 909 F.3d 881, 886 (7th Cir. 2018) (Fourteenth Amendment's due process clause applies to claims brought by pre-trial detainees).

unless he caused or participated in an alleged constitutional deprivation.... A causal connection, or an affirmative link, between the misconduct complained of and the official sued is necessary."). While Craft alleges that Commissioner Carter was made aware of the conditions at his facility through his grievances, mere "knowledge of a subordinate's misconduct is not enough for liability." *Vance v. Rumsfeld*, 701 F.3d 193, 203 (7th Cir. 2012) (en banc). Indeed, "inaction following receipt of a complaint about someone else's conduct is [insufficient]." *Estate of Miller by Chassie v. Marberry*, 847 F. 3d 425, 428 (7th Cir. 2017); *see Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009) ("[The plaintiff's] view that everyone who knows about a prisoner's problem must pay damages implies that he could write letters to the Governor . . . and 999 other public officials, demand that every one of those 1,000 officials drop everything he or she is doing in order to investigate a single prisoner's claims, and then collect damages from all 1,000 recipients if the letter-writing campaign does not lead to better medical care. That can't be right.").

Any claim against IDOC is **dismissed**. The Eleventh Amendment bars private lawsuits in federal court against a state that has not consented. *Joseph v. Board of Regents of University of Wisconsin System*, 432 F.3d 746, 748 (7th Cir. 2005). An agency of the state enjoys that same immunity. *Nuñez v. Indiana Dep't of Child Services*, 817 F.3d 1042, 1044 (7th Cir. 2016).

Finally, any claim under the Indiana constitution is **dismissed** because no court has recognized a private right of action for damages under the Indiana constitution. *See Pisciotta v. Old Nat. Bancorp*, 499 F.3d 629, 638 (7th Cir. 2007); *Smith v. Ind. Dep't. Corr.*, 871 N.E.2d 975, 985 (Ind. Ct. App. 2007).

This summary of claims includes all of the viable claims identified by the Court. If the plaintiff believes that additional claims were alleged in the complaint, but not identified by the Court, he shall have **through March 29, 2021,** in which to identify those claims.

3

### III. Conclusion and Service of Process

The **clerk shall terminate** Robert Carter as a defendant on the docket.

The **clerk is directed** pursuant to Fed. R. Civ. P. 4(c)(3) to issue process to defendant Mark Sevier in the manner specified by Rule 4(d). Process shall consist of the complaint, dkt. [1], applicable forms (Notice of Lawsuit and Request for Wavier of Service of Summons and Waiver of Service of Summons), and this Order.

**SO ORDERED.**

Date: 3/1/2021

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

CURTIS W. CRAFT
111610
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362

Mark Sevier
Warden
New Castle Correctional Facility
1000 Van Nuys Road
New Castle, IN 47362